IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW) |
| JPMORGAN CHASE BANK, N.A.,<br><br>        Appellant,<br>v.<br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>        Appellees. | No. 1:09-cv-0615-GMS<br><br>Bk. Adv. No. 09-50551<br><br>Bk. Ap. No. 09-0061 |
| JPMORGAN CHASE BANK, N.A.,<br><br>        Appellant,<br>v.<br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>        Appellees. | No. 1:09-cv-0618-GMS<br><br>Bk. Adv. No. 09-50934<br><br>Bk. Ap. No. 09-0060 |

## APPELLANT JPMORGAN CHASE BANK, N.A.'S REQUEST FOR CERTIFICATION

    Adam G. Landis (No. 3407)
    Matthew B. McGuire (No. 4366)
    **LANDIS RATH & COBB LLP**
    919 Market Street Suite 1800
    Wilmington, Delaware 19801
    Telephone:  (302) 467-4400
    Facsimile:  (302) 467-4450

    (Additional counsel listed on signature page)

    *Counsel for Appellant JPMorgan Chase Bank, N.A.*

{683.001-W0002682.}

Appellant JPMorgan Chase Bank, N.A. ("JPMC") submits this request for certification of these appeals to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8001.

The underlying actions arise from the failure of Washington Mutual Bank ("WMB"), the largest bank failure in United States history, and an effort by its former parent, Washington Mutual Inc. ("WMI"), to claim assets belonging to, and to challenge acts of the Federal Deposit Insurance Corporation ("FDIC") as receiver of, the failed bank.  The appeals present the narrow legal question of whether the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction to hear such claims.  The plain language of the jurisdictional bar imposed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), codified in relevant part at 12 U.S.C. § 1821(d)(13)(D), divests the Bankruptcy Court of jurisdiction to hear WMI's claims because they "seek[] a determination of rights with respect to[] the assets" of WMB or "relat[e] to any act or omission of . . . the [FDIC] as receiver."  12 U.S.C. § 1821(d)(13)(D).  In accordance with FIRREA, these claims may only be heard by the United States District Court for the District of Columbia, the court before which WMI has already commenced litigation against the FDIC involving redundant claims to the same WMB assets and relating to the same acts of the FDIC as receiver.  *Washington Mutual Inc.* v. *FDIC*, No. 1:09-cv-00533 (RMC) (D.D.C.).

Both the FDIC and JPMC moved in the Bankruptcy Court to have the relevant claims stayed or dismissed.  The Bankruptcy Court denied those motions on the ground that FIRREA's jurisdictional bar does not apply to claims against a third party purchaser from the

FDIC or to claims to assets once they have been sold by the FDIC.[1] The Bankruptcy Court's ruling is wrong as a matter of law. It is not supported by the language of FIRREA or by any decisions of this Circuit. It also contrary to the rulings of other Courts of Appeals (the Sixth, Ninth, and Eleventh Circuits), which have considered similar circumstances. And it is wrong as a matter of fundamental policy because it would gut FIRREA's carefully crafted, exclusive claims process by, illogically, permitting the very claims against third parties who purchase receivership assets that Congress requires be made and resolved through that exclusive claims process.

It is imperative that the jurisdictional questions raised by JPMC's appeals, and the FDIC's identical appeals, be promptly and fully resolved.[2] The exercise of jurisdiction by the Bankruptcy Court in derogation of FIRREA's requirement that these issues be resolved in the District of Columbia has effectively granted WMI an alternative avenue of appeal of decisions made by the FDIC in connection with its role as receiver for WMB while its statutorily permitted appeal is pending in the District of Columbia. Not only does this raise a substantial risk of inconsistent findings and judgments, but the duplicative proceedings before the Bankruptcy Court, which will be for naught if FIRREA's jurisdictional limits are enforced, are also an inefficient waste of resources. Accordingly, while this request for certification is pending, JPMC and the FDIC are moving forward with all due speed with merits briefing before this Court so that the appeal can be adjudicated expeditiously by this Court should certification not be granted.

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 8001(f)(3)(C), copies of the Bankruptcy Court's orders and the transcript of the June 24, 2009 hearing containing the Bankruptcy Court's oral rulings are attached as Exhibits A through D.

[2] The FDIC's appeals are docketed as Case No. 1:09-cv-0616-GMS and Case No. 1:09-cv-0617-GMS. The parties intend to file a motion to consolidate the FDIC's and JPMC's appeals promptly.

      Certification of this appeal to the Third Circuit is appropriate. The appeals "involve a question of law . . . [that] involves a matter of public importance" and "an immediate appeal . . . may materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(i), (iii). Accordingly, for the reasons stated in the request for certification of the FDIC, which is attached hereto as Exhibit E and incorporated by reference, JPMC respectfully requests that the Court certify these appeals to the United States Court of Appeals for the Third Circuit.

Dated: September 4, 2009  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____  
Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
**LANDIS RATH & COBB LLP**  
919 Market Street Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Robert A. Sacks  
Hydee R. Feldstein  
**SULLIVAN & CROMWELL LLP**  
1888 Century Park East  
Los Angeles, California 90067  
Telephone: (310) 712-6600  
Facsimile: (310) 712-8800

Bruce E. Clark  
Stacey R. Friedman  
**SULLIVAN & CROMWELL LLP**  
125 Broad Street  
New York, New York 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588

*Counsel for JPMorgan Chase Bank, N.A.*