UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------x

JPMORGAN CHASE BANK, N.A.,

        *Appellant*,

    v.

WASHINGTON MUTUAL, INC.

    -and-

WMI INVESTMENT CORP.,

        *Appellees*.

---------------------------------x

Docket No. 09-cv-615-GMS

### APPELLANT JPMORGAN CHASE BANK, N.A.'S REPLY BRIEF

Bruce E. Clark
Robert A. Sacks
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000

October 29, 2009

Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, Delaware 19899
Tel: (302) 467-4400

*Counsel for Appellant JPMorgan Chase Bank, N.A.*

## TABLE OF CONTENTS

                                                                              **Page**

ARGUMENT ............................................................................................................................... 3

I.      THE BANKRUPTCY COURT'S ORDERS CANNOT BE RECONCILED WITH THE PLAIN LANGUAGE OF FIRREA'S JURISDICTIONAL BAR ................... 3

II.     THE THIRD CIRCUIT'S *ROSA* AND *HUDSON* OPINIONS, ALONG WITH OPINIONS FROM OTHER CIRCUITS, REQUIRE REVERSAL OF THE BANKRUPTCY COURT'S ORDERS ........................................................................ 7

III.    THE THIRD CIRCUIT HAS REJECTED WMI'S CONSTITUTIONAL ARGUMENTS, AND THIS CASE DOES NOT IMPLICATE ANY "EXCLUSIVE" BANKRUPTCY JURISDICTION .......................................................... 9

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*FDIC v. Shain, Schaffer & Rafanello,*
   944 F.2d 129 (3d Cir. 1991)..................................................................................................10

*Griggs v. Provident Consumer Discount Co.,*
   459 U.S. 56 (1982)..................................................................................................................7

*Hudson United Bank v. Chase Manhattan Bank,*
   43 F.3d 843 (3d Cir. 1994)...........................................................................................1, 9, 10

*In re B.S. Livingston & Co.,*
   186 B.R. 841 (D.N.J. 1995)....................................................................................................1

*In re Noletto,*
   244 B.R. 845 (Bankr. S.D. Ala. 2000)..................................................................................10

*Keene Corp. v. United States,*
   508 U.S. 200 (1993)................................................................................................................4

*National Union Fire Insurance Co. v. City Savings, F.S.B.,*
   28 F.3d 376 (3d Cir. 1994)................................................................................................3, 10

*Orson, Inc. v. Miramax Film Corp.,*
   79 F.3d 1358 (3d Cir. 1996)....................................................................................................4

*Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.,*
   947 F.2d 49 (3d Cir. 1991)......................................................................................................1

*Rosa v. RTC,*
   938 F.2d 383 (3d Cir. 1991)...........................................................................................1, 8, 9

*Trinsey v. K. Hovnanian at Upper Merion, Inc.,*
   841 F. Supp. 694 (E.D. Pa. 1994)...........................................................................................6

*Village of Oakwood v. State Bank & Trust Co.,*
   539 F.3d 373 (6th Cir. 2008) ..................................................................................................5

*Washington Mutual, Inc. v. FDIC,*
   No. Civ. A. 09-533-RMC, 2009 WL 3164419 (D.D.C. Oct. 5, 2009) ...................................5

**STATUTES**

12 U.S.C. § 1821(d)(13)(C) ............................................................................................. 4

12 U.S.C. § 1821(d)(13)(D) ..................................................................................... *passim*

28 U.S.C. § 1334(b) ....................................................................................................... 10

Financial Institutions Reform, Recovery, and Enforcement Act of 1989,
    Pub. L. No. 101-73, 103 Stat. 183 ........................................................................ *passim*

Appellant JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this reply brief in further support of its appeal from the orders of the United States Bankruptcy Court for the District of Delaware (the "Orders") denying JPMC's and the Federal Deposit Insurance Corporation's (the "FDIC") motions based upon the jurisdictional bar of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The Bankruptcy Court held that FIRREA did not divest it of jurisdiction to hear claims against JPMC asserted in the Adversary Proceedings based upon the fundamentally incorrect view that FIRREA "only bars claims against a receiver or an institution in receivership" and not against the purchaser of assets from the FDIC, even when those claims go directly to what assets were part of the receivership estate and challenge the acts of the FDIC receiver in selling those assets, and even when those claims are the same as the claims the debtor is pursuing against the receivership itself in a federal district court.

Appellees Washington Mutual, Inc. and WMI Investment Corp. (collectively, "WMI") argue that the Bankruptcy Court's decision (i) did not disregard the plain language of FIRREA, (ii) is mandated by the Third Circuit's decisions in *Rosa* v. *RTC*, 938 F.2d 383 (3d Cir. 1991), and *Hudson United Bank* v. *Chase Manhattan Bank*, 43 F.3d 843 (3d Cir. 1994), and (iii) avoids Constitutional flaws and offenses to bankruptcy powers that might otherwise arise from application of the exclusive resolution procedures Congress set forth in FIRREA.[1] WMI is incorrect on all counts. There exists no viable support for the Bankruptcy Court's Orders, which are simply wrong and should be reversed. WMI's claims should be dismissed and must proceed, if at all, in the United States District Court for the District of Columbia ("D.C. District Court").

---

[1]    JPMC respectfully refers the Court to its briefing in support of an immediate appeal of the Orders (No. 09-cv-615-GMS, D.I. # 2, 5), as well as the briefing submitted by the FDIC (No. 09-cv-616-GMS , D.I. # 2, 4), demonstrating why this immediate appeal is proper both under the collateral order doctrine, *see Praxis Props., Inc.* v. *Colonial Savings Bank, S.L.A.*, 947 F.2d 49, 53 (3d Cir. 1991), or in the alternative under the standards by which this Court may exercise its discretion to hear the appeal, *In re B.S. Livingston & Co.*, 186 B.R. 841, 849-50 (D.N.J. 1995).

*First*, there is no reconciling the Bankruptcy Court's Orders with the plain language of FIRREA, which bars that court from hearing "*any action* seeking a determination of rights" in the assets of a failed bank or "*any claim* relating to any act or omission" of the FDIC as receiver for a failed bank. 12 U.S.C. § 1821(d)(13)(D) (emphasis added). The Bankruptcy Court committed reversible error by limiting FIRREA to actions against the FDIC as receiver for Washington Mutual Bank ("WMB") or concerning WMB assets remaining in receivership. Such a result is contrary to the statute's plain language and inconsistent with Congressional intent.

*Second*, neither *Rosa* nor *Hudson* endorses or even mentions the conclusion reached by the Bankruptcy Court. Neither case involves the distinct factual situation presented here: an unsuccessful FIRREA claimant seeking to simultaneously maintain two actions relating to claims to the same assets, in two different forums, only one of which—the D.C. District Court—has been granted exclusive jurisdiction to hear claims to assets of a failed bank or relating to acts of the FDIC as that failed bank's receiver. And the rationale of *Rosa* and *Hudson* actually undercuts WMI's argument.

*Third*, there is no reconciling the Bankruptcy Court's Orders with decisions of four different Courts of Appeal and a decision of the United States District Court for the Southern District of Texas on the very issue. Those decisions, left unaddressed by the Bankruptcy Court, make clear that FIRREA is not so limited and that the purposes of FIRREA are fundamentally at odds with such a narrow interpretation.

*Fourth*, WMI's argument (and the Bankruptcy Court's endorsement of the argument) that this appeal is frivolous is designed to ensure that the Bankruptcy Court continues to exercise jurisdiction over matters that are now before this Court on appeal. Other than that, WMI's argument only highlights the extent to which the Bankruptcy Court has diverged from principles of statutory construction and caselaw, both of which clearly call for reversal of its

decision. When viewed against FIRREA's plain language, four Court of Appeals decisions, the decision from the Southern District of Texas correctly adjudicating the very issue involving WMB that the Bankruptcy Court got wrong, and the absence of a single decision anywhere that is consistent with the Bankruptcy Court's perspective on FIRREA, the only plausible conclusion is that the appeal requires reversal of the Bankruptcy Court, not that the appeal is frivolous.

*Finally*, WMI's fall-back arguments that application of FIRREA in this case would be unconstitutional and Congress cannot, by statute, displace the Bankruptcy Court's jurisdiction to hear FIRREA claims, are without basis. Because FIRREA's claims process provides for *de novo* district court adjudication of WMI's claims to the WMB assets sold to JPMC, the Third Circuit consistently has rejected the constitutional arguments raised by claimants such as WMI who seek to assert their claims outside that court. And, there is no "exclusive" bankruptcy jurisdiction to be asserted where, as here, Congress has designated the D.C. District Court as the forum with jurisdiction to hear WMI's claims.

## ARGUMENT

### I. THE BANKRUPTCY COURT'S ORDERS CANNOT BE RECONCILED WITH THE PLAIN LANGUAGE OF FIRREA'S JURISDICTIONAL BAR.

WMI dedicates almost all of its opposition to misinterpretation of inapposite cases in unmistakable contravention of the Third Circuit's "cardinal rule" when applying 12 U.S.C. § 1821(d)(13)(D): "[t]he starting point for interpretation of [FIRREA's jurisdictional bar] is the language of the statute itself." *Nat'l Union Fire Ins. Co.* v. *City Sav., F.S.B.*, 28 F.3d 376, 384 (3d Cir. 1994). That language provides that except for the D.C. District Court and a district court in Washington State, "no court shall have jurisdiction over—(i) any . . . action seeking a determination of rights with respect to[] the assets of [WMB] . . . or (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver." 12 U.S.C. § 1821(d)(13)(D).

The Bankruptcy Court failed to give effect to this language by concluding that FIRREA does not include "a jurisdictional bar to [WMI's] claims to property that is no longer in the hands of the FDIC as receiver, but are in the hands of JPMC," and instead "only bars claims against a receiver or an institution in receivership." (A454.) By imposing a limitation that appears nowhere in the statute, the Bankruptcy Court committed reversible error. *Orson, Inc.* v. *Miramax Film Corp.*, 79 F.3d 1358, 1374-75 (3d Cir. 1996) (vacating lower court's decision because "the plain meaning of the statute's language was distorted" and "ignored").

Unable to reconcile the statute with the Bankruptcy Court's holding, WMI urges this Court to apply a somewhat different limitation to the statute: asking this Court to find that Section 1821(d)(13)(D)(i) only bars claims seeking "a determination of rights with respect to, the 'assets of' an institution *in receivership*." (WMI Br. at 18 (emphasis in original).) WMI's request is not only inconsistent with the actual words of the statute, but is incompatible with a reading of FIRREA as a whole. Congress knew how to limit sections of FIRREA to apply only to "assets in receivership" as evidenced by the immediately preceding subparagraph of FIRREA, 12 U.S.C. § 1821(d)(13)(C), which specifies that "[n]o attachment or execution may issue by any court *upon assets in the possession of the receiver*." *Id.* (emphasis added). Congress included no such limitation on FIRREA's jurisdictional bar. WMI's argument is legally untenable because rules of statutory construction "presume[] that Congress acts intentionally and purposely in the disparate inclusion" of this phase in one subsection and the "exclusion" of the same phrase in the very next provision of a statute. *Keene Corp.* v. *United States*, 508 U.S. 200, 208 (1993).

WMI's related argument—that because its claims "are against JPMC, which is not and never has been an institution in receivership, [FIRREA] does not bar this action" (WMI Br. at 18-19; *see also id.* at 1)—is also without merit. At best this argument is an assertion that "who" is named as a party should change the outcome of the FIRREA analysis. The Sixth Circuit

- 4 -

rejected this approach in a case that explains why, based both on the language of and policy underlying FIRREA, it makes no sense. *Vill. of Oakwood* v. *State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008). The Texas District Court expressly rejected this approach in a Washington Mutual case. (JPMC Op. Br. at 4, 12.) And, earlier this month, the D.C. District Court rejected this approach in the central FIRREA case where WMI named only the FDIC as a party. The D.C. District Court permitted JPMC's intervention, holding that WMI's mirror claims against the FDIC in D.C. are effectively claims against JPMC arising from the FDIC's sale of WMB's assets. WMI's claims fundamentally effect JPMC's interests because they "'are premised on the allegation that [the WMB] assets sold by the FDIC to JPMC.'" *Washington Mut., Inc.* v. *FDIC,* No. Civ. A. 09-533-RMC, 2009 WL 3164419, at *2 (D.D.C. Oct. 5, 2009).

In the face of all of this, WMI boldly tells this Court that "[o]n its face, FIRREA applies only to claims against a failed bank" (WMI Br. at 2), but there are no words in the statute that support this argument and no rational basis to imply such a limitation. To create an exclusive statutory regime to address all claims arising from a failed bank, Congress understood that it needed to identify the types of claims that are barred without regard for how the claims were presented by the parties. Any other approach would allow litigants (such as WMI and plaintiffs in the Texas District Court) to evade the statute through creative pleading.[2] Accordingly, Section 1821(d)(13)(D)(i) broadly bars "*any action* seeking a determination of rights with respect to[] the assets of any depository institution for which the [FDIC] has been appointed receiver," in this

---

[2] WMI asks this Court to dismiss as "nothing but noise" the fact that failed bank assets typically spend no time in the possession of the FDIC as receiver (WMI Br. at 25 n.23), and are instead sold immediately to successor institutions to minimize the impact on the banking system and depositors. (JPMC Op. Br. at 19 & Ex. B.) But this establishes that, as a practical matter, the Orders are inconsistent with Congress' intent of creating exclusive forums for FIRREA claims. There would be no exclusivity at all if bank holding companies could avoid FIRREA by merely bringing their claims against the inevitable successor institutions, such as JPMC.

case, WMB. And, Section 1821(d)(13)(D)(ii) bars "*any claim relating* to any act or omission" of the FDIC. JPMC's alleged role as a "subsequent transferee of avoidable transfers" (WMI Br. at 25) does not remove these assets from the scope of the statute. Any claims against JPMC as a transferee necessarily are predicated on WMI first establishing its core FIRREA claim—that it has rights to these assets pre-transfer, as WMB assets—a predicate that puts these claims squarely within the scope of the statute. *See Trinsey* v. *K. Hovnanian at Upper Merion, Inc.*, 841 F. Supp. 694, 696 (E.D. Pa. 1994).[3]

    The claims in the Adversary Proceedings also fall squarely within the second prong of FIRREA's jurisdictional bar because they "'relat[e] to any act or omission of such institution [*i.e.*, an institution in receivership] or the [FDIC] as receiver.'" (JPMC Op. Br. at 9-10.) WMI's only response is to misleadingly ask this Court to focus on the phrase "of such institution," while ignoring the remainder of this statutory provision: "*or* the [FDIC] as receiver." (WMI Br. at 19.) Here, the Adversary Proceedings, and WMI's claims, exist solely because of the actions by the FDIC as receiver for WMB, in particular the sale of WMB's assets pursuant to the September 25, 2008 Purchase and Assumption Agreement between the FDIC and JPMC (the "P&A Agreement"). Indeed, WMI's Tenth Counterclaim seeks to have the Bankruptcy Court avoid the entire P&A Agreement as a fraudulent transfer. JPMC's role as the recipient of the transfer from the receiver does not change the nature of the claim from one challenging the acts of

---

[3]  In *Trinsey*, the court addressed WMI's argument and held that FIRREA applied to claims seeking a determination of rights in assets of a failed bank, even where those assets had been sold to a successor institution: "It is clear that Rebel Hill was an asset of [the failed bank] when the RTC became receiver, and that the RTC acted within its powers in auctioning the property and conveying it to [the defendant]. It is also the case that [plaintiff] is seeking a determination of rights with respect to an asset previously owned by an institution for which the RTC was appointed receiver, and then disposed of through an act of the RTC. Accordingly, the above-cited jurisdictional provisions of the Act [*i.e.*, 12 U.S.C. 1821(d)(13)(D)(i) & (ii)] appear to bar my consideration of [plaintiff's] claims for equitable relief." 841 F. Supp. at 695.

the receiver. Since such claims by definition "relat[e] to" an act of the FDIC as receiver, they may not proceed before the Bankruptcy Court.

## II. THE THIRD CIRCUIT'S *ROSA* AND *HUDSON* OPINIONS, ALONG WITH OPINIONS FROM OTHER CIRCUITS, REQUIRE REVERSAL OF THE BANKRUPTCY COURT'S ORDERS.

Unable to refute the plain language of FIRREA, Debtors resort to asserting (as they did before the Bankruptcy Court) that *Rosa* and *Hudson* "*specifically and repeatedly* reject[]" the application of FIRREA to the claims raised in the Adversary Proceedings. (WMI Br. at 10 (emphasis added).) WMI's representations fall apart upon reading of the opinions. Neither opinion "*specifically*" addresses (even once) whether a Bankruptcy Court has jurisdiction to adjudicate claims by WMI (i) as to the adequacy of the P&A Agreement by which the FDIC disposed of WMB's assets to JPMC, (ii) as to ownership or rights to specific assets of WMB, (iii) where WMI's claims to those assets were already disallowed by the FDIC, and (iv) where WMI is pursuing claims to the same assets in the FDIC's receivership proceeding in the D.C. District Court. (*See* JPMC Op. Br. at 15-17 (distinguishing *Rosa* and *Hudson*).)

More fundamentally, the Third Circuit's *Rosa* and *Hudson* decisions do not endorse (or even articulate) the rule unilaterally adopted by the Bankruptcy Court. Indeed, no reported decision issued by any court applies any such rule in this context. To the contrary, the Sixth, Ninth, and Eleventh Circuit Courts of Appeals and the Texas District Court have rejected the Bankruptcy Court's conclusion. (JPMC Op. Br. at 13-15.) In the face of these authorities, WMI argued below (and the Bankruptcy Court endorsed the argument), that this appeal is frivolous. (WMI Br. at 3-5.) WMI's "frivolousness" argument was intended to prevent (and has prevented) application of the well-settled rule that jurisdiction to hear matters raised on appeal is transferred to *this Court* during the pendency of this appeal. *See Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the Bankruptcy Court has made no effort to explain

- 7 -

how JPMC's and the FDIC's appeals could be frivolous in light of decisions supporting JPMC's and the FDIC's position from multiple Courts of Appeal and the District Court in Texas, not to mention the plain language of FIRREA. The "frivolity" arguments simply evidence WMI's intent to push the Bankruptcy Court to continue its improper exercise of jurisdiction in the face of federal statutes and decisions that preclude it, even to the extent of appropriating this Court's exclusive jurisdiction to hear matters on appeal.

In any event, although factually dissimilar, to the extent *Rosa* and *Hudson* provide any guidance, these decisions reinforce that the Bankruptcy Court's Orders should be reversed. *Rosa* demonstrates the Third Circuit's strict application of the plain language of FIRREA's jurisdictional bar. Like the Bankruptcy Court and WMI, plaintiffs in *Rosa* asked the Third Circuit to read a limitation into the bar found nowhere in its text, arguing that the "claims" barred by FIRREA did not include claims "requiring a resolution of the question whether appellants violated ERISA." The Third Circuit rejected plaintiffs' argument: "We see no basis for such a distinction in the language of the bar. Nor are we willing to strain the language to exclude these claims from the claims procedure . . . ." 938 F.2d at 394. The Third Circuit in *Rosa* made clear that courts should not, and need not, attempt to narrow the jurisdictional bar's plain language in order to preserve a plaintiff's claims, given that FIRREA already affords claimants access to review of their claims in designated courts. This is precisely what WMI asks this Court to do by demanding affirmance of the Bankruptcy Court's Orders. *Id.*

Likewise, although the *Hudson* decision did not involve application of FIRREA's jurisdictional bar, the Third Circuit looked to the language of the bar for guidance in determining whether FIRREA's venue provision applied to the claims at issue. The Third Circuit's actual holding in the case supports reversal of the Bankruptcy Court: that the "literal" application of FIRREA requires that claims involving a failed bank's receiver and *the third-party purchaser of*

- 8 -

*the failed bank's assets* from that receiver be heard in the court specified by FIRREA, not in plaintiffs' preferred court. *Hudson*, 43 F.3d at 844.

### III. THE THIRD CIRCUIT HAS REJECTED WMI'S CONSTITUTIONAL ARGUMENTS, AND THIS CASE DOES NOT IMPLICATE ANY "EXCLUSIVE" BANKRUPTCY JURISDICTION.

In a final attempt to defend the Bankruptcy Court's Orders, WMI asserts that adherence to the plain language of 12 U.S.C. § 1821(d)(13)(D) to bar the Bankruptcy Court from adjudicating the claims in the Adversary Proceedings would be both unconstitutional and an affront to WMI's understanding of the Bankruptcy Court's exclusive jurisdiction. (WMI Br. at 22-24, 26-27.) WMI's assertions are legally unfounded.

WMI sets up a strawman by suggesting that FIRREA would leave it with claims it "would be potentially unable to assert . . . anywhere." (WMI Br. at 22.) Here, WMI has proceeded (as it must) with its claims through the FIRREA claims process, those claims were disallowed, and now those claims are pending before the D.C. District Court in an action where the FDIC and JPMC are parties. The basis of those claims in D.C. is the same as the basis of the claims against JPMC in Bankruptcy Court—an assertion that WMI has rights to WMB's assets or the assets belong to WMI and were *not* assets of WMB at the time WMB was placed into receivership by the FDIC. The Third Circuit has consistently held that this result is constitutional, in part because the claims end up before an Article III court specifically authorized by Congress to hear such claims *de novo*. Indeed, in *Rosa* the Third Circuit recognized that the right to *de novo* judicial review protects the due process rights of parties whose claims are barred in other courts by 12 U.S.C. § 1821(d)(13)(D). *Rosa*, 938 F.2d at 396-97 ("[W]e conclude that there is no due process violation because the receiver's determination is not a binding adjudication and because, if plaintiffs so choose, a court will evaluate their claims *de novo*."); *see also Hudson*, 43 F.3d at 852 (rejecting plaintiff's constitutional arguments as "read[ing] the due

process requirements too broadly"); *Nat'l Union*, 28 F.3d at 393 (holding that application of § 1821(d)(13)(D) to bar claims raises no due process concerns); *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 136 (3d Cir. 1991) (same).

Along the same lines, there is nothing about the application of FIRREA that infringes on the Bankruptcy Court's jurisdiction. When Congress required that FIRREA claims be pursued in one of two courts specified in 12 U.S.C. § 1821(d)(6)(A), it did not carve out an exception for debtors who wish to proceed before a bankruptcy court in another district entirely. *See* 12 U.S.C. § 1821(d)(13)(D). This is not surprising given that—despite WMI's suggestions to the contrary—bankruptcy courts "shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added); *see also In re Noletto*, 244 B.R. 845, 853-54 (Bankr. S.D. Ala. 2000) (explaining that although bankruptcy courts have exclusive power to "control and distribute property of the estate," bankruptcy courts otherwise share jurisdiction with other courts where there is a dispute as to the extent, if any, of the debtors' interest in the assets at issue).

## CONCLUSION

JPMC respectfully submits that the Bankruptcy Court Orders should be reversed and WMI's claims below dismissed for lack of subject matter jurisdiction under FIRREA.

Dated: October 29, 2009
       Wilmington, Delaware

Respectfully submitted,

Bruce E. Clark
Robert A. Sacks
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, Delaware 19899
Tel: (302) 467-4400
Fax: (302) 467-4450

*Counsel for JPMorgan Chase Bank, N.A.*